EVERDELL and another vs. THE SHEBOYGAN & FOND DU LAC RAILROAD COMPANY and another.

RECORD ON APPEAL: *(1) Of what to consist. (2) By whose direction to be returned.*

1. On appeal from an order, the original papers used on the application for such order should be returned to this court, unless the trial court otherwise direct. Tay. Stats., 1632, § 5.
2. Where the respondent improperly interfered with the appeal papers, by causing them to be returned here before the expiration of the time allowed *the appellant* for that purpose by the statute, this court denies his motion to dismiss the appeal for failure to serve the printed case; and, it appearing that if the appellant had taken the full time allowed him for making the return, the cause would not have gone upon the calendar of this term, it is ordered to be stricken therefrom.

APPEAL from the Circuit Court for *Fond du Lac* County.

The motions mentioned and disposed of in the opinion, were argued by *G. P. Knowles* for the appellant, and *J. W. Bass* for the respondent.

COLE, J. On the part of the respondents a motion is made to dismiss the appeal because the printed cases have not been served. This is met by a cross motion on the part of the appellants, for an order directing the clerk of this court to transmit the record to the clerk of the circuit court, in order that a further or proper return may be made on the appeal. Both motions must be denied, each party paying the clerk's fees on his own motion, and no other costs being given.

The motion to remit the record for a proper return is founded on the fact that the original papers have been sent up, instead of certified copies. The appeal is from an order, and on such an appeal the statute requires the clerk of the court from which the appeal is taken, to transmit to this court "the order appealed from, *and the original papers used by each party on the application for the order appealed*

Everdell and another vs. Sheboygan & Fond du Lac R. R. Co. and another.

*from.''*    Sec. 5, ch. 139, Tay. Stats., p. 1632.    The statute, however, provides that the court may direct copies to be sent in lieu of the originals in such case; but no such direction was given, and the original papers were therefore properly transmitted to this court.    For this reason the motion made by the appellants is denied.

In respect to the motion to dismiss, it appears that the appeal was perfected by the service and filing of the proper notice and undertaking on the adverse party and clerk on the 19th day of July, 1876.    The deputy clerk states, in an affidavit used to resist the motion, that on the 24th day of July, at the request of the attorney for the respondents, he transmitted all the original papers to this court; that a few days thereafter, and within twenty days from the perfecting of the appeal, one of the attorneys of the appellants called for the papers, when he informed him that they had been returned to this court.

It may be, had not the attorney of the respondents interfered in the matter and caused the papers to be sent to this court, that the printed cases would have been prepared and served by the other party, so that the cause could have been argued at this term.    But, however that may be, we think the counsel for the respondents ought not to have directed the clerk to make the return, but have left the papers under the control or subject to the direction of the appealing party.    The rule provides that the plaintiff in error or the appellant shall cause the proper return to be made within twenty days after filing the writ of error or perfecting the appeal; and if he fail to do so, the opposite party may make a motion in this court to dismiss the writ of error, or appeal, with costs.    Rule 5.    Thus the responsibility of causing the return to be made in time rests with the appellant or plaintiff in error, and it is no more than right that he should have power to control the papers.    Besides, the duty of preparing a proper case is devolved on the same party, and it is absolutely essential that such

party should have control of the papers for a time in order to perform that duty. If, immediately on the appeal being perfected, the respondent is allowed to interfere and cause the return to be made, it will subject the other side to the inconvenience, expense and trouble of coming to Madison to prepare the case, or of obtaining certified copies from the clerk of this court. Such wholly useless and unnecessary expense and trouble are to be avoided if possible. In view of these considerations, we have concluded to hold that the papers remain under the control and subject to the direction of the plaintiff in error or appellant, who must at his peril cause the proper return to be made within the time prescribed by the rule. The act of the counsel for respondents in directing the clerk to make the return was, we think, unwarranted and contrary to the practice which should obtain in this matter. Had the appellants taken the time allowed for causing the return to be made, the cause could not possibly have been upon the calendar for argument at this term. The cause must therefore be stricken from the calendar.

*By the Court.* — So ordered.